IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTE GOAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 3:13-01102 |
| v. ) | Judge Campbell/Brown |
| ) | |
| LANCE J. LEWIS and LEWIS ) | |
| CAPITAL, INC., ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Todd J. Campbell, United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is the plaintiff and counter-defendant, Kriste Goad's, Motion for Judgment on the Pleadings as to the counterclaims against her (Docket Entry (DE) 50), filed with a Memorandum in Support (DE 52). The defendants and counter-plaintiffs, Lance J. Lewis and Lewis Capital, Inc., filed a response and appendix (DE 57; 58). The plaintiff filed a reply (DE 70).

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** the plaintiff's motion as to the defendants' counterclaim for declaratory judgment for indemnification and **DENY** the plaintiff's motion as to the defendants' counterclaim for breach of contract.

### I. Factual and Procedural Background

In 2011, the plaintiff invested approximately $150,000.00 with the defendants in gold and gold related financial products (DE 9, p. 3). The plaintiff alleged that she suffered losses and

brought an action against the defendants on August 30, 2013 in the Circuit Court for Davidson County, Tennessee (DE 1, p. 1). On October 07, 2013, the defendants removed the case based on diversity, pursuant to 28 U.S.C. § 1332 (DE 1). The plaintiff is a citizen of Tennessee, the defendants are citizens of Texas, and jurisdiction is undisputed (DE 12, p. 1).

After the plaintiff filed her Second Amended Complaint (DE 30), the defendants filed their answer and original counterclaim against the plaintiff on March 26, 2014 (DE 31). Therein, the defendants filed their claims for: (1) declaratory judgment for indemnification; and (2) breach of contract (DE 31, pp. 6-14).

The Magistrate Judge granted the parties' Joint Motion to Extend the Dispositive Motion Deadlines (DE 48; 49). The filing deadline became May 23, 2014 (DE 49). Responses were due on June 20, 2014 and replies on July 07, 2014 (DE 49). The plaintiff filed an answer to the defendants' counterclaim on April 16, 2014 (DE 35). The plaintiff subsequently filed the instant motion on May 22, 2014, arguing that the counterclaim for declaratory judgment and three of the four claims for breach of contract should not survive her motion (DE 52). The defendants filed a response on June 19, 2014 (DE 57). The plaintiff filed her reply on July 07, 2014 (DE 70). Therefore, all filings are timely and the matter is now properly before the Court.

## II. Legal Standard

Pursuant to the Federal Rules of Civil Procedure (FED. R. CIV. P.), "[a]fter the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court applies the same standard of review to a motion for judgment on the pleadings as it applies to a motion to dismiss under FED. R. CIV. P. 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule

12(b)(6) and Rule 12(c) motions are the same…."). "Rule 12(b)(6) does not countenance...dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable…." *Bell Atl. Corp.*, 550 U.S. at 556.

The Court "must view the complaint in the light most favorable to the plaintiff [movant]…" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). In the case of a counterclaim, the Court will "construe the allegations of the counterclaim in a light most favorable to the defendant." *Fort Washington Resources, Inc. v. Tannen,* 153 F.R.D. 565, 566 (E.D.Pa.1994) (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555; 570. Moreover, the General Rules of Pleading, FED. R. CIV. P. 8(a)(2), "require[] only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the [non-movant] fair notice of what the ... claim is and the grounds upon which it rests.'" *Tackett*, 561 F.3d at 488 (citation omitted).

### III. Analysis

This case is scheduled for a May 11, 2015 trial (DE 75, p. 1). Therefore, the Magistrate Judge finds that the instant motion was filed with sufficient time before trial. Also, the Court is

sitting in diversity, and therefore "appl[ies] the law, including the choice of law rules, of the forum state." *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003) (citation omitted). Here, Tennessee choice of law rules apply as Tennessee is the forum state. Ultimately, the parties agree that Texas law applies to the dispute (DE 52, p. 5; DE 57, p. 8).

### A. Declaratory Judgment for Indemnification

The defendants brought their counterclaim for declaratory judgment pursuant to FED. R. CIV. P. 57,[1] and 28 U.S.C. §§ 2201[2] and 2202[3] (DE 31, p. 12). The defendants seek "a declaration concerning the rights and obligations of the parties under Paragraphs 9 and 15.E of the Agreement…." (DE 31, p. 13). The agreement is the Investment Advisory Agreement executed between the plaintiff and the defendants on September 02, 2011 (the Agreement) (DE 31-1).

In the Agreement, Paragraph 9 reads:

INSTRUCTIONS FROM CLIENT. The Advisor may rely on all instructions (whether oral or written) given by the Client or its agents which the Advisor believes to be genuine. The Advisor's records of such a transaction will be conclusive as to the content of any instruction….***The Client agrees to hold harmless, and to indemnify*** and defend, ***the Advisor,*** as well as any of its officers, directors, shareholders, affiliates, general partners, employees, agents and trustees, ***against any and all losses sustained by the Advisor resulting from and against any and all claims, liabilities, losses, damages, charges, costs, fees and expenses (including, without limitation, attorneys' fees and costs, including fee of attorneys who may be the Advisor's employees or Employees of***

---

1 Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201...The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.").

2 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction…, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.").

3 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

> ***the Advisor's affiliates) arising out of or in connection with any action taken in reliance upon any instruction or inquiry believed genuine.*** The Advisor reserves the right to refuse to act on any oral instructions.

(DE 31-1, p. 3) (emphasis added). Paragraph 15.E reads:

> *Limitations of Liability...**Client hereby agrees to indemnify and hold the Advisor…harmless from any losses, including losses incurred by the Client as a result of the Advisor's execution of trades in accordance with the terms of this Agreement, except in cases of negligence*** or violation of applicable law, or omission or for any errors of judgment by the Advisor in managing the Client's Account.

(DE 31-1, p. 5) (emphasis added).

In the plaintiff's instant motion, she argues that the defendants are asking the Court to find that "under Paragraph 9 of the Agreement, [the plaintiff] agreed to 'indemnify [the defendants]…' for attorneys' fees [they] incurred *if [the plaintiff] sued [the defendants]*." (DE 52, p. 5). She argues that even if all of the defendants' allegations are true, the Counterclaim should be dismissed "as a matter of law, based on the Court's interpretation of the Agreement." (DE 52, p. 2). The plaintiff makes specific arguments about the interpretation of the Agreement. These are addressed below to the extent that they impact the defendants' pleading pursuant to 28 U.S.C. § 2201, although they are not relevant herein for the merits of the arguments.

The defendants argue, in their response to the instant motion, that "the Agreement does not provide for blanket indemnity for [the defendants], but, rather, [Paragraph] 9 requires [the plaintiff] to take some responsibility if she provides instructions…and [the defendants] suffer[] losses…*as a result of those instructions*." (DE 57, p. 16). They argue that the plaintiff errs in suggesting that Paragraph 9 is a blanket indemnification clause (DE 57, p. 16). Finally, they argue that the plaintiff errs in suggesting that the defendants tried to excuse their own negligence under Paragraph 15.E (DE 57, p. 16).

Notwithstanding these arguments, the instant issue is still whether the defendants have filed a claim for which relief can be granted. The Magistrate Judge finds that they have not. The Magistrate Judge analyzes Texas law and federal law relevant herein and finds that the Texas law is ultimately inapplicable to the facts, but the federal law pursuant to 28 U.S.C. § 2201 precludes finding that the defendants have stated a claim for which relief can be granted.

### i.  Texas Law Pertaining to Indemnification Clauses

Texas law pertaining to indemnification clauses mandates "fair notice requirements" of (1) the express negligence doctrine;[4] and (2) conspicuousness,[5] but the Texas Supreme Court limited those requirements to instances where a party seeks indemnification "in advance of liability for its own negligence." *Dresser Industries, Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 507 (Tex. 1993). These requirements are inapposite here because the Agreement specifically *excludes* the defendants' negligence from the ambit of indemnification.

To compare, in *Detlefsen,* the Court granted the plaintiff's motion to dismiss the defendant's counterclaim for indemnification, where the indemnity provision at issue stated, "he shall indemnify, defend, and hold [defendant] and its affiliates, employees, and owners harmless from and against any damages relating to negligent loading and/or the failure to warn about any

---

4 Under the express negligence doctrine, "'a party seeking indemnity from the consequences of that party's own negligence must express that intent in specific terms within the four corners of the contract.'" *Detlefsen v. Deffenbaugh Indus., Inc.,* 04-2577 JWL, 2005 WL 2323225, at *3 (D. Kan. Sept. 22, 2005) (citations omitted). Moreover, "'indemnity provisions that do not state the intent of the parties within the four corners of the instrument are unenforceable as a matter of law.'" *Detlefsen,* 04-2577 JWL, 2005 WL 2323225, at *3 (citations omitted).

5 Under the conspicuous requirement, "'something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it.'" *Detlefsen,* 04-2577 JWL, 2005 WL 2323225, at *3 (citations omitted). Language within an agreement "'may satisfy the conspicuousness requirement by appearing in larger type, contrasting colors, or otherwise calling attention to itself.'" *Detlefsen,* 04-2577 JWL, 2005 WL 2323225, at *4 (citation omitted).

dangers…." *Detlefsen,* 04-2577 JWL, 2005 WL 2323225, at *4. The Court found that "[t]he language simply alludes to 'any damages relating to' negligence, but it never explicitly indicates that [the plaintiff] is agreeing to indemnify [the defendant] for its own negligence…." *Detlefsen*, 04-2577 JWL, 2005 WL 2323225, at *4 (emphasis added).

Here, the Agreement reads: "[plaintiff] hereby agrees to indemnify and hold the Advisor…harmless from any losses…, except in cases of negligence." (DE 57, p. 6, Paragraph 15.E). Therefore, instead of failing to explicitly state that the plaintiff agrees to indemnify the defendants for their own negligence, the Agreement explicitly states that the defendants are not entitled to indemnification for their own negligence. The fair notice requirements do not apply and the elements of Texas law pertaining to indemnification clauses therefore do not answer whether the defendants have filed a claim for which relief can be granted.

### ii. Federal Law Pertaining to Declaratory Judgment

The Magistrate Judge moves on to the overarching issue of whether the defendants have filed a claim for which relief can be granted under 28 U.S.C. § 2201. "The statute is an 'enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant' to have a case heard in federal court." *Severe Records, LLC v. Rich*, 658 F.3d 571, 580 (6th Cir. 2011) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952))). This is true even when "[t]here is no dispute that [a] case meets the basic standard for diversity jurisdiction under 28 U.S.C. § 1332…it is…well-settled that district courts have discretion 'in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

jurisdictional prerequisites.'" *Acuity v. Jade Enterprises*, CIV.A. 13-409-KSF, 2014 WL 345411, at *1 (E.D. Ky. Jan. 30, 2014) (quoting *Wilton,* 515 U.S. at 282).

To address the issue of whether the Court should exercise jurisdiction under the Declaratory Judgment Act, the Court applies a five factor test that the Sixth Circuit has adopted. *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). Neither party briefed this issue. Nonetheless, the Magistrate Judge analyzes the facts as alleged, in the light most favorable to the defendants. The Court considers:

> (1) whether the judgment would settle the controversy;[6]
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;[7]
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;[8] and
> (5) whether there is an alternative remedy that is better or more effective.

---

[6] This factor would weigh towards exercise of jurisdiction where an issue "was not and could not be considered in the state court," and where "the issue involved a legal, not factual, dispute…[which]…did not require the district court to inquire into matters being developed through state court discovery." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008). However, this factor would weigh against exercise of jurisdiction, at least in the insurance coverage context, where "'the controversy is larger than just the rights and obligations [of the parties] under…[an insurance] policy.'" *Liberty Mut. Fire Ins. Co. v. Bohms*, 490 F. App'x 721, 725 (6th Cir. 2012) (citation omitted).

[7] This factor would weigh towards exercise of jurisdiction where the District Court "clarif[ied] the one legal relationship at issue…." *Scottsdale Ins. Co.*, 513 F.3d at 556. The Sixth Circuit has noted that a declaratory judgment might be proper for "a party who wants…to embark on a marketing campaign, but has been threatened with suit over trademark infringement…, [or]…a party with an ongoing contractual relationship who has been accused of breach [who wants]…the contract definitively interpreted…[to] stop the potential accrual of damages." *AmSouth Bank*, 386 F.3d at 786. The purpose of a declaratory judgment in those cases would be "the clarification of legal duties for the future." *AmSouth Bank*, 386 F.3d at 786.

[8] "In determining the propriety of entertaining a declaratory judgment action, competing state and federal interests weigh in the balance, with courts particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a subsequently-filed state-court coercive action." *AmSouth Bank*, 386 F.3d at 785. Courts should be equally reluctant "in the face of a previously-filed state-court action." *Acuity*, CIV.A. 13-409-KSF, 2014 WL 345411, at *3 (citing *Adrian Energy Associates v. Mich. Public Service Comm.,* 481 F.3d 414, 421 (6th Cir.2007)). "The Sixth Circuit has developed…three sub-factors to aid the district court in analyzing this factor…." *Acuity*, CIV.A. 13-409-KSF, 2014 WL 345411, at *4.

*AmSouth Bank*, 386 F.3d at 785. Regarding the first factor, the scope of the Agreement is not the only controversy between the parties and a declaratory judgment about the plaintiff's obligations would not settle the underlying controversy in which the plaintiff alleges violation of the Tennessee Securities Act, breach of fiduciary duty, breach of contract, negligence, and violation of the Investment Advisors Act (DE 30). As compared to insurance coverage disputes, where the question of coverage is often removed to federal court and the underlying controversy refers to the state court proceeding, here, the Court is aware of no state court action. Still, "'the controversy is larger than just the rights and obligations [of the parties].'" *Liberty Mut. Fire Ins. Co.*, 490 F. App'x at 725 (citation omitted). Moreover, the parties hotly contest the meaning of "instruction" and "transaction" within the Agreement, as well as the scope of Paragraph 9 and Paragraph 15.E (DE 52, pp. 6-7; DE 57, p. 18). These are factual and not purely legal disputes. Therefore, this factor weighs heavily against the Court exercising jurisdiction.

Regarding the second factor, there is no ongoing contract. The plaintiff terminated her relationship with the defendant and moved her investments to another advisor (DE 84-6, p. 2). "[S]ituations where 'some uncertainty beyond the possibility of litigation exists' weigh in favor of permitting declaratory relief under the second factor, whereas 'those where the injury is already complete' weigh against allowing it." *Gervasi v. Warner/Chappell Music, Inc.,* 3:12-CV-00627, 2014 WL 348189, at *7 (M.D. Tenn. Jan. 30, 2014) (citation omitted). The facts indicate that the purported injury is already complete. Therefore, this factor weighs heavily against the Court exercising jurisdiction.[9]

---

9 Motions pursuant to the Declaratory Judgment Act often involve "lawsuits by insurance companies to determine policy coverage obligations…." *ACE Capital Ltd. v. Keystone Servs., Inc.,* 3:12CV-00103-JHM, 2013 WL 820836, at *2 (W.D. Ky. Mar. 5, 2013). In those cases, "most courts consider the first and the second factors together." *ACE Capital Ltd.,* 3:12CV-00103-JHM, 2013 WL 820836, at *2 (citation omitted). However, there is a Sixth Circuit

Regarding the third through fifth factors, these weigh in favor of the Court exercising jurisdiction because there is no other court involved. There is nothing in the defendants' counterclaim to suggest that the declaratory remedy is being used for "procedural fencing" because there is no concurrent state court action of which this Court is aware. There is no threat of conflict between federal and state courts. The only other remedy that the defendants seek is their breach of contract claim. However, there is no other court involved regarding this claim. "Considerations of whether another court would be in a superior position to resolve the declaratory judgment issue do not apply and accordingly no alternative remedy exists." *Gervasi*, 3:12-CV-00627, 2014 WL 348189, at *8.

Therefore, on balance, although the last three factors weigh in favor of the Court exercising jurisdiction, they do so for the same reason, the lack of state court action. The first and second factors, however, have more weight. There are multiple controversies lurking, the parties appear poised to go multiple rounds in a bout regarding the terms in the Agreement, there is no ongoing contract, and any purported injury has already occurred. Therefore, the factors do not support the Court's exercise of jurisdiction. Again, it cannot be overstated that neither party briefed this issue. However, the outcome of the analysis is that the defendant has not filed a claim for which relief can be granted pursuant to the Declaratory Judgment Act. This does not dispense with the argument over indemnification but does mean that the defendants' counterclaim for declaratory judgment for indemnification cannot survive the instant motion.

---

split over these factors, with one line suggesting "that the declaratory judgment action must settle the entire controversy that is ongoing in state court and clarify the legal relationship between all the parties…[and] [a]nother line of cases suggest[ing] that the declaratory judgment need only settle the controversy and clarify the relations between those involved in the declaratory judgment action." *ACE Capital Ltd.*, 3:12CV-00103-JHM, 2013 WL 820836, at *2. Here, the distinction is inapposite since there is no state court proceeding and no other parties. What matters is that a declaratory judgment here would not settle the controversy because it involves more than the indemnification issue and a declaratory judgment would not clarify legal duties *for the future.*

Based on the reasoning above, the Magistrate Judge **RECOMMENDS** that the Court **GRANT** the plaintiff's motion as to the defendants' counterclaim for declaratory judgment for indemnification.

## B. Breach of Contract

The defendants brought their counterclaim for breach of contract, arguing that the plaintiff breached the Agreement by: (1) "failing to inform [the defendant] that she believed any of her investments violated her objectives or limitations (DE 31, No. 37);" (2) "failing to inform [the defendant] that any of her objectives or wishes had changed (DE 31, No. 38);" (3) "failing to pay the agreed-upon fees to [the defendant] in 2013 (DE 31, No. 39);" and (4) "by filing this lawsuit against [the defendant], when all actions taken by [the defendant] were in reliance upon [the plaintiff's] instructions, and [the plaintiff] had never modified or retracted such instructions (DE 31, No. 40)."

The plaintiff argues three of the defendants' four counterclaims[10] for breach of contract fail because they are based on an "untenable interpretation of the Agreement" and because "no damages exist for the alleged breaches." (DE 52, p. 9).

Texas law applies to the dispute and, therefore, the defendants' breach of contract claim (DE 52, p. 5; DE 53, p. 5). The defendants must plead facts to support the elements of a breach of contract claim under Texas law, which include: "(1) the existence of a valid contract; (2) performance by the [defendants]; (3) breach of the contract by the [plaintiff]; and (4) damages sustained as a result of the breach." *Sullivan Elec., Inc. v. Robins & Morton Corp.*, M2012-

---

[10] The plaintiff does not argue for dismissal of the counterclaim that she failed to pay the defendants' fees (DE 31, No. 39; DE 52, p. 9).

00821-COA-R3CV, 2013 WL 776192, at *5 (Tenn. Ct. App. Feb. 27, 2013) (*B & W Supply, Inc. v. Beckman,* 305 S.W. 3d 10, 16 (Tex. App. 2009)).

The parties do not dispute that the Agreement, executed between the plaintiff and the defendants on September 02, 2011, is a valid contract (DE 31-1; DE 52, p. 6; DE 57, p. 8).

Regarding performance, the defendants plead that they performed by "rel[ying] on [the plaintiff's] written and verbal representations and instructions to employ [their] investment strategy when [they] invested [the plaintiff's] funds in gold, precious metals, related mining investments and other hard-asset related investments that were inflation beneficiaries." (DE 31, No. 22). The defendants plead that they performed over approximately two years, throughout which time the plaintiff "received monthly and quarterly statements…had online access to her account statements…[and] received confirmation in the mail each time [the defendants] executed the purchase or sale of an investment on [the plaintiff's] behalf…." (DE 31, Nos. 23-26). These facts support a plausible claim and raise the right to relief above the speculative level.

Regarding breach of the contract, the defendants plead that the plaintiff agreed to "give [the defendants] prompt written notice if she believed that any investment in her account violated her objectives or limitations." (DE 31, No. 15). Yet, the defendants plead that "[t]hroughout the course of [the plaintiff's] investment, she never changed her instructions to [the defendants], never indicated that her investment objectives or risk tolerance had changed in any way, and never advised [the defendants] to pursue a strategy other than the strategy she solicited and ratified." (DE 31, Nos. 29, 38). The defendants plead that "[t]hroughout the course of [the plaintiff's] investment, she never provided notice of any kind that she believed any investment in her account violated her objectives or limitations." (DE 31, Nos. 30, 37). The defendants plead

that the plaintiff failed to pay the defendants "the agreed-upon fees" and also "breached the Agreement by filing this lawsuit." (DE 31, Nos. 39-40). The parties contest whether the defendants' counterclaim for breach of contract consists of one breach in four ways, or four separate breaches requiring distinct analyses (DE 52, p. 9; DE 57, p. 9). The Magistrate Judge need not analyze each purported breach separately because the defendants' claim of breach by way of unpaid fees is itself dispositive as to whether the counterclaim should survive the motion to dismiss. Simply, the plaintiff concedes that there are unpaid fees (DE 52, p. 2). Therefore, the facts support a plausible claim for breach of contract. That is all that is required to survive the instant motion.

Regarding damages, the defendants plead that "[a]s a direct result of [the plaintiff's] breaches, [the defendant] has suffered damages, including unpaid fees, attorneys' fees, and costs." (DE 31, No. 42). As stated, the plaintiff concedes that there are unpaid fees (DE 52, p. 2). The plaintiff also argues that the defendants' claim for attorneys' fees contravenes the American Rule. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("For more than a century, Texas law has not allowed recovery of attorney's fees unless authorized by statute or contract. This rule is so venerable and ubiquitous in American courts it is known as 'the American Rule.'"). However, this does not change the fact that the defendants have pled facts sufficient to support a plausible claim for breach of contract because the defendants claim other damages in addition to attorneys' fees.

Therefore, the defendants have pled facts to support the elements of a breach of contract claim under Texas law, and the counterclaim for breach of contract survives the instant motion.

Based on the reasoning above, the Magistrate Judge **RECOMMENDS** that the Court **DENY** the plaintiff's instant motion as to the defendants' counterclaim for breach of contract.

### IV.     Conclusion

For the reasons explained herein, the Magistrate Judge **RECOMMENDS** that the plaintiff's motion for judgment on the pleadings be:  (1) **GRANTED** as to the declaratory judgment for indemnification; and (2) **DENIED** as to the counterclaim for breach of contract.

The parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. FED. R. CIV. P. 72(b)(2). A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 2nd  day of October, 2014.

s/Joe B. Brown_____
Joe B. Brown
U.S. Magistrate Judge