IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRISTE GOAD | ) |
| | ) |
| v. | ) NO. 3-13-1102 |
| | ) JUDGE CAMPBELL |
| LANCE J. LEWIS, et al. | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 93), Objections filed by the Plaintiff (Docket No. 96), and a Response filed by Defendants (Docket No. 98).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

Defendants do not object to the Magistrate Judge's recommendation that Plaintiff's Motion for Judgment on the Pleadings be granted as to their counterclaim for declaratory judgment. Plaintiff objects to the Magistrate Judge's recommendation that her Motion for Judgment on the Pleadings be denied as to Defendants' counterclaim for breach of contract.

Specifically, Plaintiff objects to the Magistrate Judge's finding that interpretation of the Agreement at issue is a factual and not a purely legal dispute, arguing that whether a contract is ambiguous is a question of law. The Magistrate Judge found that the contract *is* ambiguous, however, when he pointed out that the parties "hotly contest" the meaning of certain words and the scope of certain paragraphs in the Agreement. Because the Agreement is subject to two or more

reasonable interpretations, it is ambiguous. The Magistrate Judge correctly stated that the disputes are factual and not purely legal.

Plaintiff also objects to the Magistrate Judge's treatment of Defendants' breach of contract counterclaim as one claim instead of breaking it out into four separate claims. Defendants' second counterclaim is one claim, for breach of contract. The Magistrate Judge found that Defendants' alleged facts support a plausible claim and raise the right to relief above the speculative level. Docket No. 98, p. 12. The Court will not dismiss part, but not all, of Defendants' contract claim.

Finally, Plaintiff objects to the Magistrate Judge's stating that Texas law applies to this dispute. The Agreement at issue specifically states that it will be governed by and construed in accordance with the internal laws of the State of Texas. Docket No. 52, n. 3 and Docket No. 31-1, ¶ 15(J). Thus, to the extent that Plaintiff's claims and/or Defendants' counterclaims stem from the Agreement, they are subject to Texas law. Nothing in Plaintiff's argument changes the Magistrate Judge's application of Texas law to Defendants' breach of contract claim.

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and approved. Plaintiff's Motion for Judgment on the Pleadings (Docket No. 50) is GRANTED as to Defendants' declaratory judgment counterclaim and DENIED as to Defendants' breach of contract counterclaim.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE