IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KRISTE GOAD )
)
v. ) NO. 3-13-1102
) JUDGE CAMPBELL
LANCE J. LEWIS, et al. )

ORDER

Pending before the Court are (1) a Report and Recommendation of the Magistrate Judge (Docket No. 105), to which Defendants have filed Objections, Plaintiff has filed a Response, Defendants have filed a Reply, and Plaintiff has filed a Sur-Reply, and (2) Defendants' Motion for Review (Docket No. 109) of the October 20, 2014 Order of the Magistrate Judge, to which Plaintiff has filed a Response and Defendants have filed a Reply.

MOTION FOR REVIEW

Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, on a Motion for Review, the Court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law. The Court has reviewed Defendants' Motion for Review, Plaintiff's Response, Defendants' Reply, the Magistrate Judge's Order and the file. For the reasons set forth below, the Motion for Review is granted in part and denied in part.

Objections and Motion to Strike

Defendants objected to certain of Plaintiff's summary judgment evidence and moved to strike that evidence from the record (Docket No. 73), alleging that it was inadmissible for failure to comply with the Federal Rules of Evidence and Fed. R. Civ. P. 56. The Magistrate Judge denied Defendants' Motion, incorrectly relying upon Fed. R. Civ. P. 12(f), which states that a Court may

strike *from a pleading* any "redundant, immaterial, impertinent, or scandalous matter." To the extend that the Magistrate Judge relied upon the incorrect standard, his Order is clearly erroneous and contrary to law and is overruled.

Under the applicable Rule 56, a party opposing summary judgment may support her assertions by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). The moving party may object that the material cited to dispute a fact "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). This standard is not exactly the same as Defendants argue.[1]

Defendants maintain that Plaintiff's purported evidence is inadmissible. Defendants do not argue that the evidence cannot be presented in a form that would be admissible. The evidence which Defendants contest includes Plaintiff's Declaration and Plaintiff's unsworn expert report, which was attached to Plaintiff's expert's Declaration.

The testimony set forth in Plaintiff's Declaration (Docket No. 62) could be admissible in evidence, subject to contemporaneous objections, through Plaintiff's own testimony at trial. To the extent Defendants wished to attack the credibility of that testimony, they could do so on cross-examination. Similarly, the testimony set forth in Plaintiff's expert's Declaration and Report could be admissible in evidence, subject to any *Daubert* motion or contemporaneous objections, through

---

[1] *See, e.g., Martin v. Performance Boat Brokerage.com, LLC*, 973 F.Supp.2d 820, 824 (W.D. Tenn. 2013) (2010 amendment to Rule 56 introduces flexibility instead of the bright-line rules obtained previously). The objection contemplated under Rule 56 as amended is not that the material has not been submitted in admissible form, but that it cannot be. *Id; see also Harden v. AlliedBarton Security Serv.,* 2013 WL 2467714 at * 8 (M.D. Tenn. June 7, 2013).

the expert's testimony at trial. Again, to the extent Defendants wished to attack the credibility of that testimony, they could do so on cross-examination.

For these reasons, Defendants' Objections are well-taken in part and overruled in part. Defendants' Motion to Strike (Docket No. 73) is denied. In any event, the Court notes that it has not relied on either Plaintiff's Declaration or Plaintiff's expert's report in ruling on Defendants' Objections to the Report and Recommendation.

## REPORT AND RECOMMENDATION

Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the parts of the Report and Recommendation to which Defendants have objected. The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions. For the reasons stated below, the Report and Recommendation is adopted and approved in part and rejected in part.

Breach of Fiduciary Duty

Defendants first object to the finding that Plaintiff's breach of fiduciary duty claim is not barred by the Economic Loss Doctrine. The Magistrate Judge found that an independent fiduciary duty arose outside the contract between the parties, specifically relying upon a Security and Exchange Commission ("SEC") document called "Information for Newly-Registered Investment Advisors," which Defendants contend is not admissible evidence and has no force or effect of law.

The Magistrate Judge correctly found that, under Texas law,[2] tort damages are precluded when a plaintiff seeks damages for breach of a duty created under a contract rather than a duty imposed by law. *Arlington Home, Inc. v. Peak Environmental Consultants, Inc.*, 361 S.W.3d 773, 779 (Tex. Ct. App. 2012) (citing *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011)). The pivotal question is whether the duty of a fiduciary arises from the contract or is a duty imposed by the law. If a party seeks damages for breach of a duty created under a contract, as opposed to a duty imposed by the law, tort damages are unavailable. *Id.*

The Magistrate Judge found that Defendants' fiduciary duty in this case arose not simply from the contract, but also from the SEC document referenced above. That document states that the SEC disclaims responsibility for any publication or statement by any of its employees and that views expressed in the document are those of staff and do not necessarily reflect the views of the Commission or the other staff members of the SEC. Docket No. 59-1, p. 14. In addition, the document states: "Opinions expressed by the staff, however, are not an official expression of the Commission's views and they do not have the force of law." *Id*.

The Court finds that this document entitled "Information for Newly-Registered Investment Advisors" is not a law imposing fiduciary duties of Defendants to Plaintiff. Plaintiff has not shown any independent legal fiduciary duty other than the fiduciary duty related to the contract. For example, Plaintiff's Answer to Defendants' Interrogatory No. 9 states only that the Investment Advisory Contract (which incorporated Lewis Capital's Form ADV Part II) set out Defendants' fiduciary duties to Ms. Goad. Docket No. 55-4, p. 21.

---

[2] The Agreement in this case provides that it will be governed by and construed in accordance with the laws of the State of Texas. Docket No. 31-1, p. 5 (Section 15J).

Because any fiduciary duty here is based upon the contract alone, Plaintiff cannot recover tort damages for breach of fiduciary duty in this case. Accordingly, Defendants' Objection on this claim is well-taken, the Report and Recommendation on this claim is overruled, Defendants' Motion for Summary Judgment on this claim is granted, and Plaintiff's breach of fiduciary duty claim against Defendants is dismissed.

Tennessee Securities Act

Defendants next object to the Report and Recommendation's finding that Plaintiff's Tennessee Securities Act claim should not be dismissed. The Magistrate Judge found that there was a genuine issue of material fact as to whether Plaintiff relied on the alleged misrepresentations. Defendants argue that not only is there no evidence to support reliance, but also there is uncontroverted deposition testimony and admissions from Plaintiff that she never relied on any specific misrepresentations that Defendants purportedly made.

The Court finds that there are genuine issues of material fact which preclude summary judgment on this issue. For example, Plaintiff testified in her deposition that she relied on Lewis to advise her, that she did not understand that gold was his sole strategy, that she did not understand all the different investments and that she relied on Lewis to advise whether she should stay with his current strategy or not, whether to sell any particular investment, and whether to sell any product in her portfolio. Plaintiff's Deposition (Docket No. 67-1), pp. 149-151. Among other things, a jury will have to determine the credibility of these assertions and whether Defendants' statements or failures to speak were misrepresentations. Accordingly, the Report and Recommendation should be adopted and approved on this issue.

Breach of Contract

Defendants next object to the Magistrate Judge's finding that there is a genuine issue of material fact as to Plaintiff's breach of contract claim. Plaintiff's Second Amended Complaint alleges that Defendants breached the contract between them (the Investment Advisory Agreement and the Form ADV, Part II) by not managing Plaintiff's accounts in the manner set forth in the contract, specifically in the Form ADV, Part II.[3]

The breaches of contract alleged by Plaintiff have to do with Defendants' duty to take certain actions and not take certain actions with regard to Plaintiff's account. Plaintiff argues that Defendants, for example, failed to act in the best interest of Plaintiff and failed to select securities which would provide diversification among economic sectors and industries. Docket No. 72, ¶ 31. Defendants dispute that statement. *Id*.; *see also* ¶ 32. These questions involve factual issues which must be determined by a jury and cannot be determined by the Court on summary judgment.

The Court finds that Plaintiff has sufficiently created a genuine issue of material fact with regard to her breach of contract claim, and the Magistrate Judge's recommendation on this issue is adopted and approved.

Waiver and Ratification

Defendants next object to the Magistrate Judge's finding that summary judgment should be denied on Defendants' defenses of waiver and ratification. Defendants argue that Plaintiff breached the contract herself and, therefore, has waived any right to recover thereunder. Waiver and indemnification are affirmative defenses which the Defendants must prove.

---

[3] The Magistrate Judge found that the Form ADV, Part II was a part of the parties' Agreement (Docket No. 105, p. 9), and Defendants have not objected to that finding.

A waiver is an intentional relinquishment or abandonment of a known right or privilege or intentional conduct inconsistent with claiming that right. *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 6 (Tex. 2014). Determining whether there has been an intelligent waiver depends on the circumstances of the case. *Id.* at 6-7. Waiver is a matter of intent as there can be no waiver unless so intended by one party and so understood by the other. *Id.*

Ratification is the adoption or confirmation by a person, with knowledge of all the material facts, of a prior act that did not then legally bind that person and which that person had the right to repudiate. *Avary v. Bank of America,* 72 S.W.3d 779, 788 (Tex. Ct. App. 2002). Ratification may be either express or implied, but it must result from acts clearly evidencing an intention to ratify. *Lesikar v. Rappeport*, 35 S.W.3d 282, 300 (Tex. Ct. App. 2000). Ratification is also largely a matter of intent. *Id.*

Here, whether Plaintiff intentionally waived her rights under the contract or ratified conduct by Defendants under the contract involves issues of fact. For example, whether Plaintiff failed to take action because she relied upon Defendants for financial advice and, if so, to what extent, involves questions of fact. Whether the communications from Defendants to Plaintiff concerning her accounts were such as to give her knowledge of all the material facts also must be determined by the jury. Finally, determining either party's intent involves issues of fact.

Accordingly, the Magistrate Judge's recommendation on the defenses of waiver and ratification is adopted and approved.

<u>Properly Managed Account Theory</u>

Defendants next object to the Magistrate Judge's recommendation concerning Plaintiff's "properly managed account theory." The Magistrate Judge held there was a genuine question of fact

7

as to the proof of damages in this case. Defendants moved for summary judgment on another issue, however. Defendants asked the Court to resolve a threshold legal issue regarding the viability of this theory and the Magistrate Judge did not answer this question. Defendants ask this Court to rule that the properly managed account theory is invalid as a matter of law.[4]

The Court will not decide this issue at this time. The measure of damages will be part of the instructions to the jury at trial, and the parties will be allowed to submit proposed instructions as to the measure of any damages to which the jury finds Plaintiff may be entitled.

## CONCLUSION

For all these reasons, Defendants' Motion for Review (Docket No. 109) is granted in part and denied in part. Defendants' Objections to the Report and Recommendation are well-taken as to Plaintiffs' breach of fiduciary duty claim and, as to that claim, the Report and Recommendation is overruled. As to all other findings in the Report and Recommendation, those findings are adopted and approved.

Therefore, Defendants' Motion for Summary Judgment (Docket No. 53) is GRANTED in part and DENIED in part. Plaintiff's claims for negligence,[5] breach of fiduciary duty, and violation

---

[4] Earlier in this case, the Magistrate Judge allowed Plaintiff to amend her Compliant to allege "an alternative theory of recovery," the "properly managed account theory." Docket No. 28. At that time, the Magistrate Judge noted that this theory is not universally recognized, but that it could be subject to dismissal under Rule 12(b)(6). *Id*.

[5] Plaintiff's purported objection to the portion of the Report and Recommendation which deals with Plaintiff's negligence claim, found in footnote 1 of her opposition brief, is untimely. In any event, it would have been overruled for the same reasons the Court has dismissed her breach of fiduciary duty claim.

of the Investment Advisors Act against Defendants are dismissed. The remaining claims will be tried, as previously ordered, on May 19, 2015.

      IT IS SO ORDERED.

                                                                                 _____
                                                                                 TODD J. CAMPBELL
                                                                                  UNITED STATES DISTRICT JUDGE